In the Matter of the Estate of HENRY BIRN, Deceased.

Surrogate's Court, Bronx County, July 5, 1934.

*Joseph R. Damico*, referee.

*Delafield, Thorne, Burleigh & Marsh* [*Frederic P. Rich* of counsel], for the executors.

*William F. McDermott* [*John L. Farrell* of counsel], for Frances Birn and another.

*James F. Twohy*, for Alice Thwaites.

*Bertram L. Kraus* [*Jacob Fogelson* of counsel], for Birdie Gustafson.

*Slutsky & Spitzer*, attorneys *pro se.*

*B. F. Lerch*, for George Unger.

*S. Neubrik*, in person.

*Thomas C. Patterson, Jr.*, special guardian for infants.

HENDERSON, S. Upon this motion to confirm the referee's report, I deem it necessary to discuss only that phase of the exceptions which concerns the testator's provisions for his unmarried daughter.

Whether or not the legacy bequeathed in trust for her benefit is preferred, depends upon the intention of the testator at the time he executed the codicil to his will. (*Matter of Smallman*, 138 Misc. 889, 896, and cases there cited.) Where the testamentary intent to prefer a general legatee cannot be ascertained from the text of the entire will, it may be presumed from the relationship of the legatee to the testator and the former's dependence upon the latter's bounty. (*Matter of Smallman, supra,* 911.)

The testator left him surviving the following distributees: His widow, a specific legatee of certain personalty and a specific devisee of all realty; two sons, for whom no testamentary provision was made, except as contingent remaindermen of said trust subject to total depletion, because " they are now partners in  *  *  *  a business which " the testator " founded, and in which they have substantial interests;" a married daughter, Birdie Gustafson, and an unmarried daughter, Frances Birn, whose interests under the will are hereinafter set forth. The testator gave his residuary estate to his seven surviving grandchildren. He appointed one of his sons and a trust company as his executors and trustees.

The unmarried daughter did not appear by attorney until the return of this motion, but she did submit an affidavit which is attached to and was filed with the executor's account, in which she sufficiently alleges her dependence upon her father's provision for her and her lack of any other source of income. These allegations are not controverted by any verified denial or other proof, and, therefore, the affidavit constitutes due proof of the facts therein stated. (Surr. Ct. Act, § 76.) I do not believe they are even now seriously disputed although counsel for the married daughter urges that they have not been proved.

The accounting executors claim credit in the sum of $200 for payment of that amount to the unmarried daughter " on account of principal of trust extablished pursuant to Clause 4th of will." That item of the account was objected to by the married daughter and the special guardian in the following language: " The objectant, for  *   *   *  objection, states that the executors are not entitled to credit for the payment to Frances Birn, as set forth in Schedule F., in the sum of Two Hundred Dollars ($200). The trust created under clause ' Fourth ' of the will is a general legacy. In view of the insufficiency of the assets to pay any of the general legacies, a payment made to one general legatee is unauthorized, unless a similar payment is made to the other general legatees." The married daughter, in her objections, adds the following sentence: " Your objectant is a general legatee, and has received no payments under the provisions of the Last Will and Testament of decedent." It was stipulated on the record before the referee as to this objection that the payment " was an advancement  *   *   *  under the provisions of the will with the deceased on account of her interest pursuant to the second paragraph of Article Fifth."

The referee properly dismissed such objection. The testator's intention to prefer the legacy in question not only may be presumed as above demonstrated, but is clearly disclosed in his will which contains only two general legacies, one to his married daughter and the other for the benefit of his unmarried daughter.

As to these gifts, the will reads:

" *Fifth.* I have heretofore changed the beneficiary of a certain policy of life insurance amounting to Five thousand ($5,000) Dollars, from the name of my daughter Frances to the name of my son Jesse, so that there shall be available upon my death the sum of Five thousand ($5,000) Dollars which my said son Jesse has agreed to hold in trust for the use and benefit of my said daughter Frances.

" Inasmuch as I am of the opinion that this provision may not be adequate for the needs of my said daughter Frances, I hereby give and bequeath to my Trustee an additional sum of Ten thousand ($10,000) Dollars, to be held by him in trust, during the life of my said daughter Frances, and apply the income therefrom toward the maintenance and support of my said daughter Frances, and if, in the judgment of my said Trustee, any part of the principal may be necessary to comfortably provide for my said daughter Frances, he is authorized in his sound judgment, from time to time, to use so much thereof as may be so necessary.

" *Sixth.* I hereby give and bequeath to my daughter Birdie Gustafson, the sum of Ten thousand ($10,000) Dollars, to be

payable,— Twenty-five hundred ($2500) Dollars within one (1) year from the date of my death; and Twenty-five hundred ($2500) Dollars for three (3) successive years thereafter, until she shall have received the full sum of Ten thousand ($10,000) Dollars without interest."

. The testator's dominant purpose to provide for his unmarried daughter and his intent to prefer her legacy over that of his married daughter are readily ascertainable from the different language in which he expressed his disposition for each daughter and from the text of a later paragraph of his will, reading:

" *Eleventh.* I express the hope that my son Jesse shall see to it that during the life of my daughter Frances she shall be properly and adequately cared for, a promise which my son has made to me, and which I expect he will keep."

The objections of the special guardian, not withdrawn by him, are similar to those of the other objectant dismissed by the referee, and are likewise dismissed.

The report of the referee is modified accordingly and, as so modified, is confirmed, and all the exceptions thereto are overruled.

Costs to the accountants, allowances to the referee and the special guardian, and the stenographer's bill as certified by the referee, payable out of the estate.

Settle decree.